## H. B. KELLY v. C. V. LEDOUX.

The defendant who has been sued on his draft, has the right to interrogate plaintiff on facts and articles, to show that the draft was given in error, or without consideration.
The rule as to exclusion of parol testimony to contradict written agreements, does not apply in such a case.

APPEAL from the District Court of the parish of Rapides, *Cushman*, J. *M. Campfield*, for plaintiff and appellant. *M. Ryan* and *W. B. Hyman*, for defendant.

87

KELLY
*v.*
LEDOUX.

LEA, J. The defendant is sued upon a protested draft, payable at sight, of which he is the drawer, and of which he resists the payment, on the ground that it was given in error, the consideration being (as he alleges) a contingent fee for services to be rendered as counsel in the prosecution to a final judgment and actual collection of a debt due by *Monaghan* to the defendant. It is proved that at the inception of this suit, the amount due had neither been realized nor had the suit been prosecuted to a final judgment.

The defendant propounded interrogatories to the plaintiff, tending to establish his defence, to the answering of which, the plaintiff, by his counsel, excepted, on the ground that the matters sought to be established in the answers were inadmissible, as tending to show a contemporaneous parol agreement contrary to the tenor of the draft sued upon.

We think the District Judge was wrong in maintaining the exception. Assuming the rule of evidence to be such as is contended for by the defendant's counsel, it could not operate to the exclusion of the right conferred by the Code of Practice upon a party litigant to probe the conscience of his opponent; nor does the rule of exclusion apply either in reason or principle to evidence of this character.

But even assuming that the plaintiff's answers to the interrogatories propounded by the defendant would have been in the affirmative, we think that the evidence fails to show that the draft sued upon was given in error.

Admitting that the draft sued upon was "given as a contingent fee in the suit of *Ledoux* v. *Monaghan*," and that it was the original agreement that the fee should be paid only when the money should be collected and the suit finally decided, it nevertheless appears from the testimony of *Mr. Caldwell*, who was introduced as a witness by the defendant, that the defendant was perfectly aware at the time of giving the draft, that the suit had not been finally determined, and that he expected that an appeal would be taken from the judgment which had been obtained in his favor. It was distinctly intimated to him also, that the plaintiff considered himself entitled to immediate payment for his services, as he (the plaintiff) had been superseded by the employment of other counsel. Under these circumstances, however well founded may have been an objection on the part of *Ledoux* to the drawing of the draft, it is clear that at the time of so doing he was not laboring under any misapprehension of the facts as they actually existed. It is unnecessary to inquire into the admissibility of the testimony of *Miltenberger* and *Hennen;* their testimony, if admitted, would prove no more than would have been established by an affirmative answer of the plaintiff to the interrogatories propounded to him, the effect of which we have already considered.

The equitable interest in the estate of *Halsey* to a portion of the proceeds of the draft when paid, is no bar to a recovery by the holder and payee, in the absence of any defense as against the representative of *Halsey's* estate.

It is ordered, that the judgment appealed from be reversed, and that the plaintiff, *Henry B. Kelly,* do have and recover of the defendant, *Charles V. Ledoux,* the sum of seven hundred dollars, with interest thereon at the rate of five per centum per annum, from the 23d day of December, 1853, till paid, with costs of protest, and costs of suit in both courts.